UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAROLD STEPHEN DYKES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:11-CV-1474 CAS |
| JESSICA HATHAWAY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Harold Stephen Dykes for leave to commence this action without payment of the required filing fee.[1]

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

---

[1] Although plaintiff was a prisoner when he filed this action, he was recently released on parole.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $83.50, and an average monthly account balance of $16.92. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $16.70, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, who at the time of filing the instant action was an inmate at the Western Missouri Correctional Center, seeks monetary relief pursuant to 42 U.S.C. § 1983. The named defendants are Jessica Hathaway (Missouri Public Defender), Gwenda Robinson (Supervisor, Missouri Public

Defender), Rebeca Navarro-McKelvey (Missouri Assistant Circuit Attorney), and John Vogan (Manager, "I.D. Section of St. Louis City Police Department"). Plaintiff's allegations concern the violation of his constitutional rights in connection with an underlying state criminal proceeding that resulted in his incarceration. He alleges that defendants Hathaway and Robinson provided him ineffective assistance of counsel, and all defendants conspired "in [the] presentation of manufactured evidence to secure a conviction." Specifically, plaintiff claims that he was convicted based upon his "file fingerprint," as opposed to a "latent fingerprint" from the actual crime scene. Plaintiff asserts that he presently has a post-conviction appeal pending in the Missouri Court of Appeals and that the overturning of his criminal conviction will "soon be accomplished."

## Discussion

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Because plaintiff's conviction or sentence has not yet been reversed, expunged, invalidated, or called into question, his claims are barred by the United States Supreme Court's holding in Heck, and this action will be dismissed accordingly.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $16.70 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel and second motion for leave to proceed in forma pauperis are **DENIED as moot**. [Doc. Nos. 4 and 5]

A separate Order of Dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of October, 2011.